UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOEL BELL, ET AL.,                  :
                                    :
    Plaintiffs,                     :
                                    :
V.                                  :   CASE NO. 3:05-CV-0671 (RNC)
                                    :
PRERAK SHAH, ET AL.,                :
                                    :
    Defendants.                     :

RULING AND ORDER

Plaintiffs Joel Bell and Bell Management International, Inc. bring this defamation action against defendant Jonathan Givony, a resident of Florida, who is proceeding pro se.[1]  Plaintiff Bell, president and founder of Bell Management, acts as an agent for a number of National Basketball Association ("NBA") athletes, as well as athletes in other leagues.  Plaintiffs allege that Givony, a writer for a website entitled "Draftcity.com" (the "Website"), directed false and defamatory accusations against them on the Website on several occasions.  Defendant has moved to dismiss the action against him under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction (Doc. # 19). I agree that personal jurisdiction is lacking and therefore transfer the action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631.[2]

---

[1] Pursuant to a stipulation of settlement approved by the court (Doc. # 18), defendants Prerak Shah and Draftcity.com are no longer parties to the action.

[2] Section 1631 provides:

I.   Facts

The complaint alleges the following facts.  Kelenna Azubuike, a varsity basketball player at the University of Kentucky, decided to leave school after his junior year and declare for the NBA draft.  In early April 2005, Azubuike selected Bell to be his agent and retained him.  On April 9, 2005, an article written by defendant Givony appeared on the Website, stating as follows:

> One of the more interesting topics from yesterday was Kelenna Azubuike's decision to sign an agent and forfeit any NCAA eligibility he has remaining. . . . According to those I spoke to, the person to blame for this horrible decision (besides Kelenna who should have obviously known better and at least done a little bit of research) was the agent he decided to hire, Joe Bell.  The word "scumbag" came up again and again in conversations around him, and apparently this isn't the first time that word has been associated with his name.  He's widely known as an extremely sketchy agent who has no problem bribing greedy parents with offers of $50,000 or so in order

---

> Whenever a civil action [such as this] is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

Section 1631, rather than 28 U.S.C. § 1404(a), is the best vehicle for transfer for want of personal jurisdiction.  Sabatino v. St. Barnabas Med. Ctr., No. 03CV7445(CSH), 2005 WL 2298181, at *3 n.12 (S.D.N.Y. Sept. 20, 2005).  Section 1631 requires transfer when personal jurisdiction is wanting "unless it [i]s not in the interest of justice to do so."  Paul v. INS, 348 F.3d 43, 46 (2d Cir. 2003), cert. denied, 126 S. Ct. 371 (2005); accord Van Tran v. INS, No. Civ.01-151-AS, 2002 WL 32784571, at *2 n.1 (D. Or. Feb. 14, 2002) ("Sua sponte transfer is appropriate pursuant to 28 U.S.C. § 1631.").

>   to convince their kids to flush their career down the
>   toilet.  Numerous names of players who were made
>   similar offers this year and in the past were brought
>   up.  Dwayne Jones from St. Joe's has apparently been
>   made an offer from Bell as well, and his father is
>   thinking about taking it, despite the fact that he
>   basically has no chance of being a first rounder and
>   many think he might not even be drafted in the second
>   round.

(Compl. ¶ 16; Compl. Ex. A.)

Subsequently, two more of defendant's articles appeared on the Website containing defamatory content.  (See Compl. Exs. B & C.)  This lawsuit followed.

II.  Discussion

    A.  Waiver

Plaintiffs argue that the defendant has waived a personal jurisdiction defense by failing to plead it as an affirmative defense in his answer.  It is true that a waiver can occur when a party fails to plead lack of personal jurisdiction in his answer. Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 n.1 (2d Cir. 1992).  But "procedural deficiencies will not defeat *pro se* defendants' motions since they are entitled to more lenient treatment."  Kelly v. Robert Ainbinder & Co., No. 87 Civ. 6348 (JSM), 1991 WL 253028, at *5 (S.D.N.Y. Nov. 20, 1991).[3]  Moreover, the plaintiffs have not shown – and cannot show – that permitting the defendant to be heard on the merits of the personal jurisdiction issue, which clearly is important to him, would

---

[3] Plaintiffs dispute the applicability of this principle based on a letter the defendant sent to an attorney asking the attorney to review the plaintiff's answer to the complaint.  The letter is not in the record, and there is no evidence the attorney responded to the defendant's request.

cause them undue prejudice because of surprise, delay, or some other consideration.  The defendant contested jurisdiction generally in his answer.  Ans. ¶ 6; see Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc., No. 00CIV0201 (JSM), 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (no waiver when defendant denied allegation of personal jurisdiction).[4]  And the Report of Parties' Planning Meeting (Doc. # 10) states that he "contests the personal jurisdiction of this case in the State of Connecticut."  In these circumstances, refusing to address the issue of personal jurisdiction on the merits would elevate form over substance, see Phat Fashions, 2001 WL 1041990, at *3, and thus contravene the rule that "[a]ll pleadings shall be so construed to do substantial justice."  Fed. R. Civ. P. 8(f). Cf. Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).  (Pro se plaintiff's failure to comply with requirements of Rule 10(b) may be excused as technical irregularities).  Accordingly, the waiver argument is rejected.

    B.   The Merits

Plaintiffs contend that the court has personal jurisdiction over the defendant under Connecticut's long-arm statute because he was a partner in a de facto Connecticut partnership – DraftCity.com – that transacted business in this state.  See

---

[4] See also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1347, at 51 (3d ed. 2004) ("In accordance with the basic philosophy of the federal rules, the substance of a party's defense . . . rather than its form will control the district court's treatment of a Rule 12(b) . . . responsive pleading.").

Conn. Gen. Stat. § 52-59b(a)(1).[5]  Plaintiffs rely on an affidavit of Prerak Shah, a college student in Pennsylvania, and former defendant in this action, who avers that he formed DraftCity.com with the defendant and others, set up and registered the Website at his address in Connecticut, designed and coded a significant part of the Website while at his home in Connecticut, received numerous emails from the defendant in Connecticut, and resides at his Connecticut address approximately one month per year.  (Shah Decl. & Ex. E.)

Attached to the Shah Declaration as exhibits are several emails transmitted by the defendant, one of which describes his negotiations with an entity called "Rydium," (Shah Decl. Exs. A & B ("My name is Jonathan Givony and I run a niche website called www.draftcity.com")), and one of which demands that Shah send him half of the Website's income plus "half of the earnings DraftCity pulls in for the month of June," based on Shah's agreement "numerous times both verbally and on binding documented logs to split DraftCity's profit in half and hand over that portion to Jonathan Givony" (Shah Decl. Ex. D).  Plaintiffs urge that these emails show that the defendant was far more than a writer for the Website.  In their view, he must be regarded as Shah's partner under Connecticut's Partnership Act, which provides that "the

---

[5] Conn. Gen. Stat. § 52-59b(a)(1) provides: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who . . . [t]ransacts any business within the state . . . ."

-5-

association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." Conn. Gen. Stat. § 34-314(a).[6]

The plaintiffs' submissions, viewed fully and most favorably to them, are insufficient to sustain their burden of showing that the defendant has transacted business in Connecticut. "The transmission of communications between an out-of-state defendant and a [party] within the jurisdiction does not, by itself, constitute the transaction of business in the forum state." Bross Utils. Serv. Corp. v. Aboubshait, 489 F. Supp. 1366, 1371-72 (D. Conn. 1980), aff'd, 646 F.2d 559 (2d Cir. 1980); see also Mitchell v. Patterson, No. 4001501, 2005 WL 1671528, at *7 (Conn. Super. Ct. June 21, 2005) (citing cases). There is no evidence that the defendant attended any meetings in Connecticut. Cf. IM Partners v. Debit Direct Ltd., 394 F. Supp. 2d 503, 513-14 (D. Conn. 2005) (defendants' attendance at meetings in Connecticut, combined with their transmission of communications to plaintiffs in Connecticut, provided sufficient basis for exercise of personal jurisdiction). Maintaining a website does not constitute transacting business under the long-arm statute unless the website specifically targets Connecticut consumers, which is

---

[6] Defendant's putative status as a partner, rather than an employee, is potentially important because "the mere fact of employment with a corporation which does business within the state of Connecticut is not enough to establish personal jurisdiction over an individual employee." Marczeski v. Kamba, No. 3:99CV02479 AWT, 2001 WL 237204, at *3 n.2 (D. Conn. Feb. 23, 2001).

not alleged here.  See Swain v. Am. Capital Strategies, Ltd., No. X04CV030103924S, 2004 WL 1966013, at *4 n.4 (Conn. Super. Ct. Aug. 4, 2004).  Nor does the posting of articles on a passive website.  See On-Line Techs. v. Perkin Elmer Corp., 141 F. Supp. 2d 246, 265 (D. Conn. 2001); accord Millennium Enters., Inc. v. Millennium Music, LP, 33 F. Supp. 2d 907, 915 (D. Or. 1999) ("[T]he trend has shifted away from finding jurisdiction based solely on the existence of Web site advertising.  Instead, something more is required to show that the defendant purposefully directed its activities at the forum." (internal quotation marks omitted)).

    Even assuming, moreover, that Draftcity.com was a de facto Connecticut partnership at the relevant times, plaintiffs' have not shown that the defendant or Shah actually engaged in substantial economic activity in this state.  The defendant's "demand email" to Shah supports a finding that Shah received advertising income from Rydium (Shah Decl. Ex. D), but the income originated from Canada, not Connecticut (Def.'s Mot. to Dismiss Ex. A); Rydium's billing information lists DraftCity.com's address as 99 Fuhrman Road, Marietta, PA 17547, rather than Shah's Connecticut address (id.); and there is no evidence that Shah actually made any financial distributions to the defendant.  Cf. GATX Fin. Corp. v. Nat'l Fairways Partners I, No. X06CV020175159S, 2003 WL 22853699, at *3 (Conn. Super. Ct. Nov. 10, 2003).  In addition to these deficiencies in the plaintiffs' showing, the record discloses no "articulable nexus" or

"substantial relationship" between their defamation claims and any of the defendant's alleged actions in Connecticut – a necessary predicate to personal jurisdiction pursuant to Connecticut's long-arm statute. Pearce v. Ashcroft, No. Civ.A. 3:01CV1160CFD, 2003 WL 1145468, at *3 (D. Conn. Mar. 12, 2003).

Plaintiffs contend that the court has personal jurisdiction over the defendant under another section of the long-arm statute, Conn. Gen. Stat. § 52-59b(a)(5), which applies to a person who "uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state."[7]  Defendant did not use a computer in Connecticut – he only sent emails to Shah, some of which were read on Shah's Connecticut computer.  And his use of the Website, which was accessible by computer in Connecticut, does not constitute use of a computer network. Mitchell, 2005 WL 1671528, at *4 ("Quite clearly a web site is not a computer network, as statutorily

---

[7] Section 53-451(a)(1) defines "computer" as "an electronic, magnetic or optical device or group of devices that, pursuant to a computer program, human instruction or permanent instructions contained in the device or group of devices, can automatically perform computer operations with or on computer data and can communicate the results to another computer or to a person." The term "includes any connected or directly related device, equipment or facility that enables the computer to store, retrieve or communicate computer programs, computer data or the results of computer operations to or from a person, another computer or another device." Conn. Gen. Stat. § 53-451(a)(1).

Section 53-451(a)(3) defines "computer network" as "a set of related, remotely connected devices and any communications facilities including more than one computer with the capability to transmit data among them through the communications facilities."

defined.  If the legislature had meant "internet" instead of "computer network" it would have said so, as it did in General Statutes §§ 1-96c, 1-267, 3-37, 4a-57, 4d-80, 4d-82, 4d-83, 9-348gg, 10-262n, 10a-151b, 11-23c, 12-407, 12-408, 12-411, 12-412, 17b-367, 19a-177, 20-327b, 22a-1b, 22a-263a, 22a-620, 28-25b, 30-86, 32-23d, 53-451, 53a-90a, 54-142i, 54-258.").[8]

III. Conclusion

Accordingly, the action is hereby transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1631, and the defendant's motion to dismiss is denied as moot (Doc. #19).

So ordered.

Dated at Hartford, Connecticut this 30th day of March 2006.

```
                                           /s/
                                  Robert N. Chatigny
                                United States District Judge
```

---

[8] Because the court does not have personal jurisdiction over the defendant under the long-arm statute, there is no need to consider whether its exercise of jurisdiction under the statute would comport with the requirements of due process.

-9-